NO. 12-11-00025-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN THE INTEREST OF J.A.R.,                  §                      APPEAL
FROM THE 8TH

 

D.L.R. AND C.M.R.,                                     §                      JUDICIAL
DISRICT COURT 

 

MINOR CHILDREN                                                §                      RAINS
COUNTY, TEXAS







MEMORANDUM
OPINION

            Anthony
Lane Redmon appeals from the trial court’s order increasing his monthly child
support from $425.00 to $1,000.00.  In two issues, Anthony contends the trial
court’s modification of his child support obligation constitutes an abuse of
discretion.  We affirm.

 

Background

            Anthony
and Karen Redmon were married with three children, but were divorced pursuant
to an agreed final divorce decree on September 17, 2008.  Under the terms of
the decree, Anthony was obligated to pay Karen $425.00 per month for child
support.  Anthony’s child support obligation was less than the child support
guidelines amount, but Karen agreed to the amount.[1]

            On
September 30, 2010, the Office of the Attorney General (OAG) filed a “Petition
for Confirmation of Non-Agreed Child Support Review Order.”  The OAG sought to
increase Anthony’s child support obligation to $1,158.00 per month, an amount
the OAG believed to be in line with the child support guidelines.  Anthony
objected to the increase, and the trial court set the OAG’s petition for
hearing.

            At
the hearing, the OAG sought to prove that the circumstances of Anthony, Karen,
and the children had materially and substantially changed since the date of the
agreed final divorce decree.  The evidence presented at the hearing showed that
Anthony had received raises since the date of the divorce decree that increased
his wages by $2.90 per hour.  Karen had purchased a larger house to accommodate
the children, which caused her expenses to increase.  The oldest child was taking
driver’s education and would soon need a vehicle.  All three children were involved,
or wanted to be involved, in more extracurricular activities than on the date of
the divorce. The oldest child was in the band and 4-H, the middle child was in
4-H and wanted to participate in sports, and the youngest wanted to be in 4-H. 
Karen could not afford another vehicle, insurance for a teenage boy, or the
expenses associated with these extracurricular activities unless she received
increased support from Anthony. 

            After
hearing the evidence, the trial court found a material and substantial change
in circumstances to support the modification, but also found that child support
calculated at the guidelines amount would be an undue hardship for Anthony. 
Accordingly, the trial court ordered that Anthony’s child support obligation be
increased to $1,000.00 per month instead of $1,158.00 as requested by the OAG. 


Anthony
requested findings of fact and conclusions of law.  The trial court complied
with Anthony’s request.  Anthony then requested amended and additional findings
of fact and conclusions of law.  Again, the trial court complied with Anthony’s
request.  As pertinent to this appeal, the trial court found that “[t]hese
expenses [described in the trial court’s findings of fact 8 through 12]
manifest a material and substantial change in the circumstances of [Karen] and
the children.”

 

Standards of Review

Anthony
contends that the evidence is legally and factually insufficient to support the
trial court’s modification of his child support obligation and therefore the
modification order constitutes an abuse of the trial court’s discretion.  This issue
implicates two different appellate standards of review:  abuse of discretion
and the traditional evidentiary sufficiency standard.  See Lindsey v.
Lindsey, 965 S.W.2d 589, 591 (Tex. App.–El Paso 1998, no pet.).  Because
these standards overlap here, as they frequently do in family law cases, we
apply a hybrid analysis.  Jenkins v. Jenkins, 16 S.W.3d 473, 477
(Tex. App.–El Paso 2000, no pet.).

 

 

Abuse of
Discretion  

            A
trial court has broad discretion in setting or modifying child support
payments.  In re A.M.W., 313 S.W.3d 887, 890 (Tex. App.—Dallas
2010, no pet.).  The test for abuse of discretion is whether the court acted
without reference to any guiding rules and principles.  Worford v.
Stamper, 801 S.W.2d 108, 109 (Tex. 1990).  Stated another
way, a trial court abuses its discretion when it acts in an arbitrary or
unreasonable manner.  Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 242 (Tex. 1985).  An abuse of discretion does not occur merely
because a trial court may decide a matter within its discretionary authority in
a different manner than an appellate court in a similar circumstance.  Id. 
A trial court’s modification order is reversed only when it appears from the
record as a whole that the trial court abused its discretion.  Gillespie
v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982).  When
there is some evidence of a substantive and probative character to support the trial
court’s decision, no abuse of discretion occurs.  In re B.A.W.,
311 S.W.3d 544, 550 (Tex. App.–El Paso 2009, no pet.).

Traditional
Sufficiency Review 

            A
trial court’s findings of fact are reviewable for legal and factual sufficiency
of the evidence by the same standards that are applied in reviewing evidence
supporting jury findings.  Catalina v. Blasdel, 881 S.W.2d 295,
297 (Tex. 1994).  A party who challenges the legal sufficiency of the evidence
to support an issue on which it did not have the burden of proof at trial must
demonstrate on appeal that there is no evidence to support the adverse
finding.  Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983).  When
considering a legal sufficiency challenge after a bench trial, we view the
evidence in the light most favorable to the trial court’s findings, “crediting
favorable evidence if reasonable [fact finders] could, and disregarding
contrary evidence unless reasonable [fact finders] could not.”  City of
Keller v. Wilson, 168 S.W.3d 802, 807 (Tex. 2005).  We must indulge
every reasonable inference that would support the trial court’s findings.  Id.
at 822.  “The final test for legal sufficiency must always be whether the
evidence at trial would enable reasonable and fair-minded people to reach the
decision under review.”  See id. at 827.     

            When
considering the factual sufficiency of the evidence to support a finding on
which, as in this case, the appellee had the burden of proof, we examine all of
the evidence and “set aside the finding only if it is so contrary to the
overwhelming weight of the evidence that it is clearly wrong and unjust.”  Cain
v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).     We are not permitted to
substitute our judgment for that of the fact finder.  Golden Eagle
Archery, Inc. v. Jackson, 116 S.W.3d 757, 761-62 (Tex. 2003).

Application
in Family Law Cases  

            To
determine whether the trial court abused its discretion because the evidence is
legally or factually insufficient, we engage in a two-pronged inquiry:  (1) Did
the trial court have sufficient information upon which to exercise its
discretion; and (2) Did the trial court err in its application of discretion?  In
re T.D.C., 91 S.W.3d 865, 872 (Tex. App.–Fort Worth 2002, pet. denied)
(op. on reh’g).  The traditional sufficiency review comes into play with regard
to the first question.  Lindsey, 965 S.W.2d at 592.  We then determine
whether, based on the elicited evidence, the trial court made a reasonable
decision–one that was neither arbitrary nor unreasonable.  Id.
In this case, Anthony has appropriately raised both prongs of this
inquiry. 

 

Applicable Law

When
the parties agree to an order under which the amount of child support differs
from the amount that would be awarded under the child support guidelines, a
trial court may modify the order only if the circumstances of the child or a
person affected by the order have materially and substantially changed since
the order’s rendition.  Tex. Fam. Code
Ann. § 156.401(a-1) (West 2008).  In determining whether a material and
substantial change in circumstances has occurred, the trial court must compare
the financial circumstances of the children and the affected parties at the
time the existing support order was entered with their circumstances at the
time the modification is sought.  London v. London, 94 S.W.3d
139, 144 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  The movant bears the
burden to show the material and substantial change.  A.M.W., 313
S.W.3d at 891.  A trial court’s decision as to whether there has been a
material and substantial change of circumstances is not guided by rigid rules
and is fact specific.  Id.

The
purpose of child support is to help a custodial parent maintain an adequate
standard of living for the children.  Farish v. Farish, 982 S.W.2d
623, 627 (Tex. App.—Houston [1st Dist.] 1998, no pet.).  The best interest of
the children is the trial court’s primary consideration in determining a child
support obligation.  McLane v. McLane, 263 S.W.3d 358, 362 (Tex.
App.—Houston [1st Dist.] 2008, pet. denied).   The amount of a child support
payment established by the child support guidelines is presumed reasonable, and
an order of support conforming to the guidelines is presumed in the best
interest of the children.  Tex. Fam.
Code Ann. § 154.122(a) (West 2008).  But a trial court may deviate from
the guidelines if it determines the guidelines are unjust or inappropriate
under the circumstances.  Id. §§ 154.122(b). 154.123(a) (West 2008). 
Factors for a trial court to consider in determining whether application of the
guidelines would be unjust or inappropriate under the circumstances include the
age and needs of the children and the ability of the parents to contribute to
the support of the children.  Id. § 154.123(b)(1), (2) (West
2008).

 

Modification of Child Support Obligation

             Anthony
argues that the trial court’s modification of his child support obligation
constitutes an abuse of discretion because the evidence is legally and
factually insufficient (1) to prove that the circumstances of the children or a
person affected by the order have materially and substantially changed since
the date of the order’s rendition and, alternatively, (2) to support an
increase in his child support obligation from $425.00 per month to $1,000.00
per month.  We address these arguments as two separate issues.    

Material
and Substantial Change in Circumstances (Issue 1)

At
the hearing on the OAG’s petition, Karen testified that at the time of the divorce,
the children were ages 13, 8, and 7.  At the time of the modification hearing,
the children were 15, 11, and 9.  She also testified that after the divorce, she
purchased a larger house, which caused her expenses to increase.  She was also
paying for the oldest child to take driver’s education, and he would soon need
a vehicle.  When he acquired one, Karen’s automobile insurance would significantly
increase.  Also, the children were, or wanted to be, more involved in extracurricular
activities, which also increased Karen’s expenses.

Anthony
argues that Karen did not meet her burden to show the requisite material and
substantial change in circumstances because she did not present evidence of her
expenses at the time of the divorce.  In support of his argument, he cites two
cases, In the Interest of C.C.J., 244 S.W.3d 911  (Tex.
App.–Dallas 2008, no pet.), and London v. London, 94 S.W.3d 139
(Tex. App.–Houston [14th Dist.] 2002, no pet.).  

In
C.C.J., the mother presented evidence of her current income and
living expenses, but not of her expenses at the time of the divorce.  The
Dallas court stated that because the trial court had nothing to compare, it
could not have determined whether there had been “a substantial and material
change of circumstances since the rendition of the prior order.”  Accordingly,
the court held that the trial court’s finding of “substantial and material
change” was not supported by the record and constituted an abuse of discretion.
 See C.C.J., 244 S.W.3d at 918.  In London,
the mother, “[a]t most, . . . testified about an interest in a joint venture
she received in her divorce, which was worth about $1,000,000.”  She testified
that she learned on the eve of trial that the joint venture was not worth
anything and that she was counting on that money to assist her in supporting
the children.  However, she did not testify that she had been relying on or
otherwise receiving any income from the joint venture.  Accordingly, the court
held that the trial court abused its discretion in modifying the child support
because there was no evidence of the financial circumstances of either the
mother or her children at the time the support order was entered.  London,
94 S.W.3d at 145.     

In
the case at hand, Karen was specifically asked how her expenses had changed
since the divorce.  In response, she testified that her housing expenses had
increased and also that she had incurred additional expenses, and expected to
incur more, attributable to the children’s increasing involvement in
extracurricular activities.  Because her testimony was presented in terms of how
her expenses had changed since the divorce, the facts in this case are
distinguishable from those in C.C.J. and London. 
 Karen’s testimony provided evidence of a substantive and probative
character to support the trial court’s finding that the expenses she described
“manifest a material and substantial change in the circumstances of [Karen] and
the children.”  See Brejon v. Johnson, 314 S.W.3d 26, 32 (Tex.
App.–Houston [1st Dist.] 2009, no pet.) (general testimony about having to
spend extra, unforeseen sums on babysitters and of the increased cost of living
legally and factually sufficient to support finding of material and substantial
change in circumstances).  Accordingly, we hold that the evidence is legally
and factually sufficient to support the trial court’s finding of material and
substantial change.  Therefore, the trial court did not abuse its discretion in
determining that there was a material and substantial change in the circumstances
of Karen and the children.   Anthony’s first issue is overruled.

Amount
of Increase (Issue 2)

Anthony
also asserts that the evidence is legally and factually insufficient to support
the upward modification of his child support obligation to $1,000.00 per
month.  He complains that the trial court “totally ignore[d] the agreement of
the parties and the fact that [he], at the time of the divorce was making
virtually the same income that he is now, save and except the $2.90 per hour
increase.”  

We
first note that Anthony directs us to no authority, and we have been unable to
locate any such authority, supporting that the trial court’s discretion was
limited by the agreement between Anthony and Karen.  In fact, the family code
provides that once the trial court found a material and substantial change in
circumstances, it had authority to modify the child support order as in any
other case.  Compare Tex. Fam.
Code Ann. § 156.401(a)(1) with Tex. Fam. Code Ann. § 156.401(a-1).  Thus, the trial
court was not bound by Anthony and Karen’s previous agreement, and could
utilize the child support guidelines to determine the amount of child support
that was in the best interest of the children.  See id. § 154.122(a). 


The
record shows that Anthony’s hourly wage at the time of the modification hearing
was $26.42.  Based upon this evidence, the trial court calculated that
Anthony’s gross weekly wage was approximately $1,056.00, and his gross monthly
wage was approximately $4,224.00.  By referring to the current tax chart and
the pertinent statutory table, the trial court found that Anthony’s monthly net
resources were $3,860.92 and that the percentage applied to Anthony’s net
resources for child support was thirty per cent. See Tex. Fam. Code Ann. §§ 154.129
(alternative method for computing child support for multiple children), 154.061(b)
(current tax chart) (West 2008 & Supp. 2010).  Thus, the trial court
calculated that Anthony’s monthly child obligation under the guidelines would
be $1,158.00.  However, the court departed downward from the guidelines amount
to $1,000.00 because of the burden that adherence to the guidelines would have
imposed on Anthony.  See id. §§ 154.122(a), 154.123(a).[2] 


The
testimony that Anthony’s current hourly wage was $26.42 was evidence of a
substantive and probative character from which the trial court could calculate
Anthony’s child support obligation in compliance with the procedure set out in
the Texas Family Code.  Anthony calls our attention to his own calculations,
which were admitted into evidence, showing that his $2.90 increase in wages
would increase his monthly child support to only $564.50 per month.  However, the
calculations were not made in accordance with the statutory method for
calculating child support.  Consequently, the trial court could disregard
them.  See Nordstrom v. Nordstrom, 965 S.W.2d 575, 581 (Tex.
App.–Houston [1st Dist.] 1997, pet. denied) (trial court, as trier of fact, is
sole judge of witness credibility and weight to be given testimony, and may
consider all facts and surrounding circumstances pertaining to testimony and accept
or reject all or any part of testimony).  Accordingly, we hold that the
evidence is legally and factually sufficient to support the trial court’s
increase of Anthony’s child support obligation to $1,000.00 per month.  Therefore,
the trial court did not abuse its discretion in setting Anthony’s child support
obligation at $1,000.00.  Anthony’s second issue is overruled.  

 

Disposition

            Having
overruled Anthony’s first and second issues, we affirm the trial
court’s order increasing Anthony’s child support obligation.

 

                                                                   Brian
T. Hoyle

                                                                                             
Justice

 

 

 

Opinion delivered August 24,
2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)

 









                [1] Specifically, the Agreed Final
Decree of Divorce stated, “[T]he parties have entered into a written agreement
as contained in this decree by virtue of having approved this decree as to both
form and substance. . . . The Court approves the agreement of the parties as
contained in this Final Decree of Divorce.”





                [2]
Karen does not complain of the trial court’s exercise of its discretion to set
Anthony’s child support obligation below the guidelines.