244 S.W.3d 911 (2008)
In the Interest of C.C.J. and C.M.J., Minor Children.
No. 05-07-00216-CV.
Court of Appeals of Texas, Dallas.
February 14, 2008.
*915 Joseph Eric Higgins, J. Eric Higgins, P.C., Plano, for Appellant.
James Nygaard, McKinney, for Appellee.
Before Justices O'NEILL, RICHTER, and LANG.

OPINION
Opinion by Justice LANG.
Craig Jones ("Father") appeals the trial court's order modifying a final divorce decree. Father asserts four issues on appeal. In his first issue, Father contends the evidence is legally and factually insufficient to support the trial court's finding that child support should be increased. In his second and third issues, Father asserts the trial court was without authority to designate Charlotte Marie Jones ("Mother") as the parent with the exclusive right to make educational decisions on behalf of minor children C.C.J. and C.M.J. (the "children") and the evidence is legally and factually insufficient to support the trial court's finding that Mother should have such right. Finally, in his fourth issue, Father challenges the legal and factual sufficiency of the evidence to support the trial court's award of attorney's fees to Mother.
For the reasons below, we decide Father's first issue in his favor. Father's second and third issues are decided against him. In view of our decision respecting Father's first issue, we need not address Father's fourth issue. We reverse and render in part and affirm in part. In addition, we reverse the trial court's award of attorney's fees to Mother and remand the issue of Mother's attorney's fees for reconsideration in light of this opinion.

I. FACTUAL AND PROCEDURAL BACKGROUND
Father and Mother were divorced on April 26, 2005, and were appointed joint managing conservators of C.C.J., born *916 September 27, 1999, and C.M.J., born October 11, 2001. Under the terms of the divorce decree, Mother was to receive child support from Father in the amount of $1025 per month. In addition, the divorce decree provided in relevant part that Father and Mother each had the right, subject to the agreement of the other parent, to make decisions concerning the children's education.
On February 14, 2006, Father filed a "Petition to Modify Parent-Child Relationship," seeking the exclusive right to make educational decisions on behalf of the children and attorney's fees. In his petition, Father stated, "The circumstances of the children, a conservator, or other party affected by the order to be modified have materially and substantially changed since the date of rendition of the order to be modified." Mother filed a general denial on February 23, 2006. On April 24, 2006, Mother filed a "Counter-Petition to Modify Parent-Child Relationship," requesting in relevant part the exclusive right to make educational decisions on behalf of the children, an increase in Father's child support obligations, and attorney's fees. With respect to both educational decisions and child support, Mother stated in her counter-petition that the circumstances of the relevant persons "have materially and substantially changed" since the date of the rendition of the order to be modified.
At a November 2, 2006 hearing on the petition and counter-petition (the "modification hearing"), Father testified that his annual salary had increased by $1500 since the time of the divorce. Records of Father's income from June 2006 through August 2006 were admitted into evidence. Also admitted into evidence were Mother's August 2006 paycheck stub and Mother's banking statements from June 2005 through September 2006, which listed itemized expenditures. Mother testified at the modification hearing that she "would like to continue with the joint rights" respecting educational decisions on behalf of the children.
A memorandum containing orders modifying the parties' final divorce decree was signed by the trial judge on November 2, 2006. The orders in the memorandum provided in relevant part that Mother "shall have the right to make final decisions concerning the education of the children after a good faith effort to exchange information and ideas and reach an agreement with [Father]." Further, the trial court found Father's net monthly resources to be $4503.92 and ordered Father to pay child support to Mother in the amount of $1126 per month, retroactive to May 1, 2006. In addition, the trial court found that "$5000 is a reasonable and necessary attorney fee for [Mother] in this action" and awarded judgment in the amount of $5000 to Mother against Father. Father's request for attorney's fees was denied. On November 27, 2006, Father filed a "Motion to Reconsider" respecting modification of child support and Mother's attorney's fees.
The trial court entered an "Order in Suit to Modify Parent-Child Relationship" on November 29, 2006, containing provisions identical to those in its November 2, 2006 memorandum. On December 15, 2006, a request for findings of fact and conclusions of law was filed by Father. The trial court's findings of fact and conclusions of law were filed on December 18, 2006. On that same date, Father filed a "First Amended Motion to Reconsider," in which he repeated his original assertions respecting modification of child support and Mother's attorney's fees and, in addition, stated:
The Court issued a ruling awarding [Mother] the exclusive right to make educational decisions. Movant requests *917 the court to reconsider its ruling in that [Mother] abandoned her request to be awarded the exclusive right to make educational decisions on behalf of the children in open court and under oath.
Father's "First Amended Motion to Reconsider" was denied by the trial court after a hearing. A notice of appeal was timely filed by Father on February 26, 2007.

II. MODIFICATION OF DIVORCE DECREE

A. Standard of Review
We review a trial court's decision to modify child support or conservatorship under an abuse of discretion standard. In re M.A.S., 233 S.W.3d 915, 919 (Tex.App.-Dallas 2007, pet. denied); Garner v. Garner, 200 S.W.3d 303, 306 (Tex.App.-Dallas 2006, no pet.); In re E.A.C., 162 S.W.3d 438, 441 (Tex.App.-Dallas 2005, no pet.) (citing Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.1990) (per curiam)). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding principles. Garner, 200 S.W.3d at 306.
Under an abuse of discretion standard, legal and factual insufficiency issues are not independent grounds of error, but are relevant factors in assessing whether the trial court abused its discretion. Id. We review the evidence in the light most favorable to the order and indulge every presumption in favor of the trial court's ruling. Id. If some probative and substantive evidence supports the order, there is no abuse of discretion. Id.

B. Child Support
In his first issue, Father asserts the evidence is legally and factually insufficient to support the trial court's finding that child support should be increased. Father argues Mother failed to meet her burden of proof to demonstrate the required material and substantial change of circumstances to warrant an increase in child support and contends, "The Trial Court's judgment for an increase in child support constituted an abuse of discretion." Mother argues she met her burden of proof and "established by a preponderance of the evidence a material and substantial change of circumstances" in support of her request for a retroactive child support increase as required under the Texas Family Code. Additionally, Mother asserts the evidence is "legally and factually sufficient to support the Trial Court's judgment for the retroactive child support increase" and the trial court did not abuse its discretion.

1. Applicable Law
The trial court may modify a previous child support order if "the circumstances of the child or a person affected by the order have materially and substantially changed" since the date of the order's rendition. Act of May 29, 2005, 79th Leg., R.S., ch. 916, § 19, 2005 Tex. Gen. Laws 3148, 3154 (amended 2007) (current version at TEX. FAM.CODE ANN. § 156.401(a)(1) (Vernon Supp.2007)). In determining whether there has been a material and substantial change in circumstances, it is well-settled that the trial court must examine and compare the circumstances of the parents and any minor children at the time of the initial order with the circumstances existing at the time modification is sought. In re J.D.M., 221 S.W.3d 740, 744 (Tex.App.-Waco 2007, no pet.); London v. London, 192 S.W.3d 6, 15 (Tex.App.-Houston [14th Dist.] 2005, pet. denied); In re J.R.D., 169 S.W.3d 740, 743-44 (Tex.App.-Austin 2005, pet. denied). The record must contain both historical and current evidence of the relevant person's financial circumstances. London, *918 192 S.W.3d at 15. Without both sets of data, the court has nothing to compare and cannot determine whether a material and substantial change has occurred. Id. The movant has the burden to show the requisite material and substantial change in circumstances since the entry of the previous order. Cameron v. Cameron, 158 S.W.3d 680, 682 (Tex.App.-Dallas 2005, pet. denied).

2. Application of Law to Facts
The parties do not dispute that Mother, as the movant in this case with respect to modification of child support, had the burden to show the requisite material and substantial change in circumstances since the entry of the divorce decree. See id. However, Father contends the trial court erred in exercising its discretion to increase child support because the evidence is insufficient to support the trial court's finding of "a substantial and material change of circumstances since the rendition of the prior order."
Mother asserts that in the April 26, 2005 final divorce decree, which she requested the trial court to judicially notice, Father was ordered to pay "Texas Family Code guideline child support" in the amount of $1025 per month, "thereby establishing [Father's] net monthly income at the time of the divorce and at the time of the final hearing on the modification." In addition, Mother asserts that at the modification hearing: (1) Father's paycheck stubs and pay summaries for June, July, and August of 2006 were entered into evidence, and (2) Father testified concerning changes in his employment and income since the date of the divorce, including a salary increase of $1500 per year. With respect to the financial circumstances of her and the children, Mother argues she testified at the modification hearing that: (1) she is a special education teacher with a net monthly income of $2783.61, and (2) her "total monthly living expenses, all of the children's activity expenses, $495.00 preschool tuition, totaled $2,675.00 as admitted into evidence."
Although the record contains evidence respecting expenses of Mother and the children at the time of the modification hearing, there is no evidence in the record respecting expenses of Mother and the children at the time of the divorce. In order to determine whether there has been a material and substantial change in circumstances, the trial court must examine and compare the circumstances of the parents and any minor children at the time of the initial order with the circumstances existing at the time modification is sought. London, 192 S.W.3d at 15. Here, without both historical and current evidence of the financial circumstances of Mother and the children, the trial court had nothing to compare. See id. Because there is no evidence in the record of the financial circumstances of Mother or the children at the time of entry of the divorce decree, we conclude the trial court's finding of "a substantial and material change of circumstances since the rendition of the prior order" is not supported by the record. Accordingly, we conclude the trial court abused its discretion in increasing Father's monthly child support obligation. Father's first issue is decided in his favor.

C. Educational Decisions
Because Father's second and third issues both concern educational decisions on behalf of the children, we address those issues together. In his second issue, Father asserts, "The court was without authority to grant the relief it did, to wit, designating [Mother] as the parent with the exclusive right to make educational decisions on behalf of the children." In his third issue, Father contends the evidence *919 is legally and factually insufficient to support the trial court's finding "that [Mother] should have the exclusive right to make educational decisions on behalf of the children." Mother argues the trial court did not grant her the exclusive right to make educational decisions, but rather gave her "the right to make final decisions concerning the education of the children after a good faith effort to exchange information and ideas and reach agreement with [Father]."
Mother contends the trial court did not abuse its discretion in granting her that right. Further, Mother asserts, the evidence is legally and factually sufficient to demonstrate a material and substantial change in circumstances "in that the prior Order had become unworkable under the circumstances and it was in the best interest of the children that [Mother] be given the right to make final educational decisions." Moreover, Mother argues, Father asserted in his petition a material and substantial change in circumstances respecting educational decisions on behalf of the children.

1. Applicable Law
In rendering an order appointing joint managing conservators, the trial court is required to specify the rights and duties of each parent regarding the "physical care, support, and education" of the children involved. TEX. FAM.CODE ANN. § 153.134(b)(2) (Vernon Supp.2007). The trial court retains broad discretion in crafting the rights and duties of each conservator so as to effectuate the best interest of the child. Jenkins v. Jenkins, 16 S.W.3d 473, 483 (Tex.App.-El Paso 2000, no pet.); see also TEX. FAM.CODE ANN. § 153.002 (Vernon 2002) (best interest of child is always primary consideration of court in determining issues of conservatorship).
Under the relevant provisions of section 156.101 of the family code, an order providing the terms and conditions of conservatorship may be modified by the trial court if modification would be in the best interest of the child and "the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed" since rendition of the order. TEX. FAM.CODE ANN. § 156.101(1)(A) (Vernon Supp.2007). To prove a material change of circumstance has occurred, a movant must show the conditions as they existed at the time of entry of the prior order. In re T.W.E., 217 S.W.3d 557, 559 (Tex.App.-San Antonio 2006, no pet.). Once such conditions have been established, the movant must show what material changes have occurred in the intervening period. Id. A trial court's determination of changed circumstances is not guided by rigid rules, but is fact-specific. Id.; In re Z.B.P., 109 S.W.3d 772, 779 (Tex.App.-Fort Worth 2003, no pet.).
The Texas Rules of Civil Procedure applicable to the filing of an original lawsuit apply to a suit for modification under Chapter 156 of the Texas Family Code. TEX. FAM.CODE ANN. § 156.004 (Vernon 2002). Accordingly, the trial court's judgment must conform to the pleadings. TEX.R. CIV. P. 301. "A court's jurisdiction to render judgment is invoked by pleadings, and a judgment unsupported by pleadings is void." Ex parte Fleming, 532 S.W.2d 122, 123 (Tex.Civ.App.-Dallas 1975, no writ). "A plaintiff may not sustain a favorable judgment on an unpleaded cause of action, in the absence of trial by consent." Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex.1979).

2. Application of Law to Facts
The April 26, 2005 divorce decree granted each party "the right, subject to the *920 agreement of the other parent conservator, to make decisions concerning the children's education." The record shows Mother requested in her counter-petition "the exclusive right to make decisions concerning the children's education." However, Mother's counsel said in his opening statement at the modification hearing that "in reality what [Mother's] really wanting is she wants the current decree order that is in effect to remain in effect, that . . . the parties basically have the joint right to make education decisions on behalf of the children in the decree."
Both Father and Mother testified at the modification hearing that educational decisions respecting the children have been a source of conflict since the divorce and they have been unable to reach a compromise. Father testified his preference is to have one child in public school and one child in private school. Mother testified as to concerns about Father's potential military deployment and the prohibitive cost of private school; the benefit of having the children attend the public school where she teaches; logistical issues of having the children attend separate schools, including conflicts in school calendars and daily school schedules; and potential communication concerns relating to Father's unwillingness to communicate by methods other than email. In addition, Mother testified as follows on cross-examination by her counsel:
COUNSEL: Ms. Jones, in my opening statement I think I may have created some confusion about what you're asking for with respect to the education decision. I'm going to clarify that for the Court right now. Are you asking the Court to give you the exclusive right to make education decisions for your children or do you want to continue with the joint right?
MOTHER: I would like to continue with the joint rights.
COUNSEL: Okay. Would you explain to the Court why?
MOTHER: I feel it's very important that the kids have both parents involved in their educational decisions, and I don't want to alienate [Father] from their education and his involvement with their education. I feel it's in their best interest.
Father argues that, at the modification hearing, Mother "specifically relinquished and abandoned" her claim respecting the exclusive right to make educational decisions. He contends Mother's statements above constituted a "stipulation of abandonment." In addition, Father asserts Mother's statements "operate[d] as a nonsuit of her counterclaim under Rule 162 of the Texas Rules of Civil Procedure." Therefore, Father argues, because Mother "knowingly and voluntarily" abandoned her claim for the exclusive right to make educational decisions on behalf of the children, the trial court was "without authority to render judgment granting relief no longer sought by [Mother]."
Under Texas Rule of Civil Procedure 162, "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes." TEX.R. CIV. P. 162. To take a nonsuit, a plaintiff can either file a written motion to dismiss or make an "oral motion" in open court. Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon, 195 S.W.3d 98, 100 (Tex.2006). A plaintiff's right to a nonsuit exists from the moment a written motion is filed or an oral motion is made in open court unless the defendant has, prior to that time, filed pleadings seeking affirmative relief. Id.; In re Bennett, 960 S.W.2d 35, 38 (Tex.1997); Progressive Ins. Cos. v. *921 Hartman, 788 S.W.2d 424, 426 (Tex.App.-Dallas 1990, no writ). The trial court generally has no discretion to refuse to dismiss the suit, and its order doing so is ministerial. Blackmon, 195 S.W.3d at 100.
The record in this case does not contain a written motion of Mother to dismiss her claim respecting educational decisions, nor does the record, on its face, show Mother made an "oral motion" for nonsuit in open court. Father provides no authority, and we have found none, for the proposition that Mother's statements constituted such a motion. Therefore, we disagree with Father's contention that Mother's statements "operate[d] as a nonsuit of her counterclaim under Rule 162 of the Texas Rules of Civil Procedure."
Next, we address Father's argument that Mother "abandoned" her claim respecting educational decisions. "A party who abandons any part of his claim or defense, as contained in the pleadings, may have that fact entered of record, so as to show that the matters therein were not tried." TEX.R. CIV. P. 165. Whether a pleading has been abandoned is a question of law which we review de novo. In re Shaw, 966 S.W.2d 174, 177 (Tex.App.-El Paso 1998, no pet.). Formal amendment of the pleadings is not required in order to show abandonment. Id. Indeed, a stipulation may form the basis for abandonment. Id.
A stipulation is an agreement, admission, or concession made in a judicial proceeding by the parties or their attorneys respecting some matter incident thereto. Laredo Med. Group v. Jaimes, 227 S.W.3d 170, 174 (Tex.App.-San Antonio 2007, pet. denied) (citing Shepherd v. Ledford, 962 S.W.2d 28, 33 (Tex.1998)). Where a stipulation limits the issues to be tried, those issues are excluded from consideration. Id. However, if a stipulation is ambiguous or unclear, it should be disregarded by the trial court. Id.; Mann v. Fender, 587 S.W.2d 188, 202 (Tex.Civ. App.-Waco 1979, writ ref'd n.r.e.). In construing a stipulation, a court must determine the intent of the parties from the language used in the entire agreement, examining the surrounding circumstances, including the state of the pleadings, the allegations made therein, and the attitude of the parties with respect to the issue. Laredo, 227 S.W.3d at 174. A stipulation should not be given greater effect than the parties intended, and should not be construed as an admission of a fact intended to be controverted. Id.; see also Austin v. Austin, 603 S.W.2d 204, 207 (Tex.1980).
Father cites Shaw in support of his argument that Mother's statements at the modification hearing constituted a "stipulation of abandonment" of her claim respecting the exclusive right to make educational decisions. See Shaw, 966 S.W.2d at 177. However, Shaw is distinguishable on its facts. In Shaw, at the outset of a trial respecting termination of parental rights, one of the attorneys specifically acknowledged that the rights of one party named in the pleadings would not be tried in the proceeding. Id. at 176. Here, before and after the statements at issue, evidence was introduced as to disagreement and change of circumstances regarding educational issues. Further, when Mother's statements are considered in light of the surrounding circumstances and the attitude of the parties, the record in this case does not show a clear and unambiguous abandonment by Mother of the claim in her counter-petition for "the exclusive right to make decisions concerning the children's education." See Laredo, 227 S.W.3d at 174. Rather, Mother's testimony, in its entirety, supports a conclusion by the trial court that while Mother felt she would "like" to continue with the joint rights and keep Father "involved" *922 with respect to educational decisions, the parties had been unable to compromise on educational matters, and Mother was therefore proceeding, through the claim at issue, to seek relief from the trial court respecting educational decisions. It is not clear from the record that Mother made an unambiguous stipulation, as was made in Shaw, as to the abandonment of the claim in her counter-petition respecting educational decisions. Therefore, we cannot conclude Mother's statements constituted a stipulation of abandonment. See id.
Moreover, rule 165 provides that a party who abandons a claim in the pleadings may have that fact entered of record "so as to show that the matters therein were not tried." TEX.R. CIV. P. 165. Here, the record does not support a conclusion that the matter at issue was "not tried." Rather, the evidence in the record respecting the parties' inability to agree as to educational matters, including testimony by both parties, leads us to conclude the trial court did not err in determining Mother's claim for the exclusive right to make educational decisions was not abandoned. Based on the record before us, we disagree with Father's contention that the trial court was "without authority to grant the relief it did." Father's second issue is decided against him.
With respect to his third issue, Father asserts that "if the Trial Court had authority to grant [Mother] the exclusive right to make educational decisions on behalf of the children, [Mother] failed to meet her burden of proof to demonstrate the required material and substantial change of circumstances to warrant a modification of the parties' rights to make educational decisions." Further, Father argues, Mother failed to present sufficient evidence to establish such a modification would be in the best interest of the children. Therefore, Father contends, "[t]he Trial Court's judgment granting such exclusive right constituted an abuse of discretion."
We have already determined the trial court may modify an order providing the terms and conditions of conservatorship if modification would be in the best interest of the child and the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since rendition of the order. TEX. FAM.CODE ANN. § 156.101(1)(A). In addition, we concluded above that the issue of modification of conservatorship with respect to educational decisions was not "abandoned" by the parties. Accordingly, based upon that conclusion, we address the nature of Mother's testimony in order to consider Father's third issue.
First, Father argues, "The evidence and testimony show that granting [Mother] the exclusive right to make educational decisions is not in the best interest of the children." Father contends Mother testified under oath "that not only did she expressly oppose her designation as the parent with the exclusive right to make educational decisions on behalf of the children, but that such a designation was not in the children's best interest." Father asserts Mother made a "judicial admission" regarding the best interests of the children when she testified, "I feel it's very important that the kids have both parents involved in their educational decisions, and I don't want to alienate [Father] from their education and his involvement with their education. I feel it's in their best interest." Therefore, Father argues, the requirement of section 156.101 that a modification be in the best interest of the child has not been satisfied, and the trial court erred in designating Mother "as the parent with the exclusive right to make educational decisions."
*923 A party's testimonial declarations which are contrary to his positions are quasi-admissions. Mendoza v. Fid. & Guar. Ins. Underwriters, Inc., 606 S.W.2d 692, 694 (Tex.1980). They are merely some evidence, and they are not conclusive upon the admitter. Id. The weight to be given such admissions is decided by the trier of fact. Id. These are to be distinguished from the true judicial admission, which is a formal waiver of proof usually found in pleadings or the stipulations of the parties. Id. A judicial admission is conclusive upon the party making it, and it relieves the opposing party's burden of proving the admitted fact and bars the admitting party from disputing it. Id.
However, the Texas Supreme Court has stated that, as a matter of public policy, a quasi-admission will be treated as a judicial admission if it appears that: (1) the declaration relied upon was made during the course of a judicial proceeding; (2) the statement is contrary to an essential fact embraced in the theory of recovery or defense asserted by the person giving the testimony; (3) the statement is deliberate, clear, and unequivocal (the hypothesis of mere mistake or slip of the tongue must be eliminated); (4) the giving of conclusive effect to the declaration will be consistent with the public policy upon which the rule is based; and (5) the statement is not also destructive of the opposing party's theory of recovery. Id. (citing U.S. Fid. & Guar. Co. v. Carr, 242 S.W.2d 224, 229 (Tex.Civ. App.-San Antonio 1951, writ ref'd)).
Here, it is unclear from Mother's statement what level of "involvement" by Father she feels would be in the children's best interest. Thus, the record does not show Mother's statement, that she feels it is in the best interest of the children to have both parents "involved" in their educational decisions, to be "clear" or "unequivocal." See id. Accordingly, we conclude Mother's statement does not meet the requirements to constitute a judicial admission regarding the best interest of the children. Id.
Next, Father contends the following testimony of Mother constitutes a judicial admission as to the lack of a material and substantial change of circumstances regarding educational decisions:
COUNSEL: So at the time when the [divorce] decree was entered [Father] agreed that the kids would be in public school, correct?
MOTHER: That was my understanding, yes.
COUNSEL: Do you think there has been a substantial change of circumstances between then and now 
MOTHER: No.
COUNSEL:  to justify [C.C.J.] attending private school?
MOTHER: No, I do not.
However, the above testimony cited by Father from the record does not clearly articulate whether Mother has stated there is no change in circumstances that would justify C.C.J. attending private school, or whether there is no change in circumstances respecting education decisions, generally. Because Mother's statement was not "deliberate, clear, and unequivocal," we cannot conclude this testimony constitutes a judicial admission by Mother that there is no material and substantial change of circumstances as to the issue of educational decisions. See id.
Finally, Father asserts Mother failed to present any evidence respecting "a material and substantial change of circumstances" to the trial court prior to or during the modification hearing. However, the record shows Mother testified at the modification hearing that educational decisions respecting the children have been "an issue" since "right after the divorce." Father testified he and Mother have been "in conflict" respecting educational *924 decisions since that time. Both parties testified they have been unable to reach a compromise.
A trial court's determination of changed circumstances is not guided by rigid rules, but is fact-specific. T.W.E., 217 S.W.3d at 559. We conclude the evidence in the record respecting the parties' ongoing conflict as to educational matters since their April 26, 2005 divorce supports the trial court's finding that "there has been a substantial and material change of circumstances since the rendition of the prior order." Further, the evidence in the record as to the parties' inability to reach shared decisions and Father's testimony as to his unwillingness to communicate other than by email supports the trial court's ruling that it would be in the best interest of the children for Mother to have final decision-making authority with respect to educational matters. See TEX. FAM.CODE ANN. § 156.101. Accordingly, we conclude the trial court did not abuse its discretion in ordering that Mother "shall have the right to make final decisions concerning the education of the children after a good faith effort to exchange information and ideas and reach an agreement with [Father]." We decide Father's third issue against him.

III. ATTORNEY'S FEES
In his fourth issue, Father asserts the evidence is legally and factually insufficient to support the trial court's judgment awarding Mother $5000 in attorney's fees. However, because Mother is not the prevailing party on appeal respecting Father's first issue, we need not address Father's fourth issue. Rather, we reverse the trial court's award of attorney's fees to Mother and remand that issue to the trial court for reconsideration in light of this opinion.

IV. CONCLUSION
We conclude the trial court's finding of "a substantial and material change of circumstances since the rendition of the prior order" with respect to child support is not supported by the record. Therefore, we conclude the trial court abused its discretion in increasing Father's monthly child support obligation. Further, we conclude the trial court did not abuse its discretion in ordering that Mother "shall have the right to make final decisions concerning the education of the children after a good faith effort to exchange information and ideas and reach an agreement with [Father]." Father's first issue is decided in his favor, and Father's second and third issues are decided against him. In light of our decision respecting Father's first issue, we need not decide Father's fourth issue.
We (1) reverse the portion of the trial court's order granting modification of child support and render judgment that modification of child support is denied; (2) affirm the portion of the trial court's order respecting educational decisions on behalf of the children; and (3) reverse the portion of the trial court's order awarding attorney's fees to Mother and remand the issue of Mother's attorney's fees for reconsideration by the trial court in light of this opinion.