

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00256-CV

## IN THE INTEREST OF
## M.F.L. AKA M.F.O. AND D.W.L. AKA D.W.O., CHILDREN,

**From the County Court at Law
Ellis County, Texas
Trial Court No. 91121CCL**

## MEMORANDUM OPINION

Christy L. appeals from a judgment that terminated the parent-child relationship between her and her children, M.F.L. and D.W.L.[1]  After hearing all the evidence, the trial court found by clear and convincing evidence that Christy (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endanger the children, and (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangers the children; (3) failed to comply with a court order; (4) used a controlled substance; and (5) constructively abandoned D.W.L.  TEX. FAM. CODE ANN. § 161.001 (1) (D) (E) (N)(O) (P) (West Supp. 2012).  The trial court further

---

[1] The children are also known as M.F.O and D.W.O.  In this opinion we will refer to them only as M.F.L. and D.W.L.

found by clear and convincing evidence that termination of the parental rights of Christy was in the best interest of the children. We affirm.

## Background Facts

Christy and Russell O. are the biological parents of M.F.L. and D.W.L. Christy has two adult children and a ten year-old son who lives with his father. At the time of trial, M.F.L was four years-old and D.W.L. was almost two years-old. D.W.L. tested positive for methamphetamines at the time of his birth. He was placed with Russell's aunt and uncle where he has lived since his birth. M.F.L. was removed at that time and placed with Christy's sister and brother-in-law, and she continues in that placement. Christy has a long history with the Texas Department of Family and Protective Services. Christy admitted using methamphetamines while pregnant with D.W.L. and while caring for M.F.L. Christy failed to comply with her court-ordered services, and she tested positive for drugs. Christy was arrested for theft and possession of a controlled substance after the children were removed from her care.

Russell admitted to being a registered sex offender. Russell also admitted to using methamphetamines. Russell completed the court-ordered services, but he did not seek possession of the children. The trial court did not terminate Russell's parental rights to M.F.L. and D.W.L. at the conclusion of the trial. The trial court ordered that the current placements for M.F.L. and D.W.L. be named as each child's permanent managing conservator. Russell was named as a possessory conservator of M.F.L and D.W.L.

## Abandonment of Pleading

In the first issue, Christy argues that the trial court erred when it terminated her parental rights and not the rights of Russell after the Department abandoned the position of having only one of the parent's rights terminated. Whether a pleading has been abandoned is a question of law which we review de novo. *In re C.C.J.*, 244 S.W.3d 911, 921 (Tex.App.-Dallas 2008, no pet.). Formal amendment of the pleadings is not required in order to show abandonment. *Id*. A stipulation may form the basis for abandonment. *Id*.

A stipulation is an agreement, admission, or concession made in a judicial proceeding by the parties or their attorneys respecting some matter incident thereto. *Id*. In construing a stipulation, a court must determine the intent of the parties from the language used in the entire agreement, examining the surrounding circumstances, including the state of the pleadings, the allegations made therein, and the attitude of the parties with respect to the issue. *Id*. A stipulation should not be given greater effect than the parties intended, and should not be construed as an admission of a fact intended to be controverted. *Id*.

At the close of evidence, the trial court stated:

> Okay. I'll entertain closing argument. Do each of you need a couple of moments to compose your thoughts? What I'm going to want to know is if whether I terminate both[,] one or none, I want you to discuss in the alternatives, depending on what I end up doing on that, what your desires would be in each of those scenarios. So, if you need a moment to collect your thoughts, I'll grant it, or if you're all ready, I'll hear closing arguments now.

The attorney for the Department took a few moments, and then made her closing argument. During her closing argument, the attorney for the Department stated that the Department does not believe it would be in the children's best interest to terminate one parent and not the other. The Department went on to state that the other option would be permanent managing conservatorship of the children. The Department said that if the trial court chooses this option, the Department recommends placing the least burden as possible on the managing conservators with significant restrictions on the part of the parents as the safety concerns have not been alleviated throughout this case.

Christy argues that the Department abandons an absolute termination position with the stipulation that it does not believe it would be in the children's best interest to terminate one parent but not the other and takes a qualified termination position. Christy further argues that the trial court then terminates her parental rights, but not Russell's after the Department abandoned that position and no longer sought that relief from the trial court.

Christy cites *In the Interest of Shaw*, in support of her position that the Department abandoned its position on termination. However, in *Shaw*, at the outset of a trial seeking termination of parental rights, the Department specifically acknowledged that it was not seeking termination of the rights of one party named in the pleadings. *In the Interest of Shaw*, 966 S.W.2d 174, 176 (Tex.App. – El Paso 1998, no pet.). In the present case, the Department argued throughout trial for termination of parental rights. There is no unequivocal statement by the Department that it is not seeking termination for either parent. After a request by the trial court to address alternatives if the court chooses to

terminate one, both, or none of the parents, the Department addressed that issue while maintaining that the Department is seeking termination of both parents. We do not find that the Department abandoned the position of termination. We overrule the first issue.

## Best Interest

In the second issue, Christy argues that the evidence is legally and factually insufficient to support the trial court's finding that termination is in the children's best interest.[2] In conducting a legal sufficiency review in a parental termination case:

> [A] court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusion and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to be incredible. This does not mean that a court must disregard *all* evidence that does not support the finding. Disregarding undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence.

*In re J.P.B.*, 180 S.W.3d 570, 573 (Tex.2005) (per curiam) (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex.2002)) (emphasis in *J.P.B.*).

> In a factual sufficiency review,

> [A] court of appeals must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing.... [T]he inquiry must be "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." A court of appeals should consider whether disputed evidence is such that a reasonable factfinder could not have resolved that

---

[2] Christy does not challenge the trial court's finding as to the termination of her parental rights under TEX. FAM. CODE ANN. § 161.001 (1) (D) (E) (N)(O) (P) (West Supp. 2012).

> disputed evidence in favor of its finding. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.

*In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex.2002) (quoting *In re C.H.*, 89 S.W.3d 17, 25 (Tex.2002)) (internal footnotes omitted) (alterations added).

In determining the best interest of a child, a number of factors have been considered, including (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or omissions of the parent that may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex.1976); *In re S.L.*, 421 S.W.3d 34, 38 (Tex.App.-Waco 2013, no pet.). The *Holley* factors focus on the best interest of the child, not the best interest of the parent. *In re S.L.*, 421 S.W.3d at 38. The goal of establishing a stable permanent home for a child is a compelling state interest. *Id.* The need for permanence is a paramount consideration for a child's present and future physical and emotional needs. *Id.*

Because of the age of M.F.L. and D.W.L., they were not able to express their desires; however, the evidence shows that both children are bonded with their current care-givers. D.W.L. has never lived with Christy, and has had limited visitation with her. M.F.L. has a parent-child relationship with her current care-givers. The evidence shows

that D.W.L. tested positive for methamphetamine at birth and was removed from Christy at that time. Christy admitted using methamphetamines while pregnant with D.W.L. and while caring for M.F.L. Christy continued to use methamphetamines after the removal of the children, and tested positive for drug use on more than one occasion. Christy was arrested on more than one occasion after the removal of the children. After the removal of the children, Christy was in a relationship with a man who was on parole for injury to a child, and it was not clear whether she had ended that relationship.

Christy did not complete the service plan ordered by the court and did not complete the programs to assist her in parenting the children. Christy was not able to demonstrate that she had stable, suitable housing for the children and that she had a plan to care for the children. We find that the evidence is legally and factually sufficient to support the trial court's finding that termination is in the children's best interest. We overrule the second issue.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed December 28, 2016
[CV06]

