

# NUMBER 13-16-00610-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ANTONIO ARRIAGA AND
INEZ LARA ROSALES,                                                      Appellants,

v.

OBDULIA MARTINEZ ARRIAGA,
ANTONIO MARTINEZ ARRIAGA JR.,
AND REYNA LUISA MARTINEZ ARRIAGA,                        Appellees.

### On appeal from the 197th District Court
### of Willacy County, Texas.

# DISSENTING/CONCURRING MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Contreras and Hinojosa
### Dissenting/Concurring Memorandum Opinion by Justice Contreras

I agree with the majority that the Rule 11 agreement signed by counsel for appellant

Inez Lara Rosales constituted an agreed judgment, thereby effectively dismissing her

claims. However, I disagree with the majority's conclusion that the statements made by appellant Antonio Arriaga in open court on August 24, 2016 constituted an unequivocal and unambiguous abandonment of his claims in trial court cause number 2015-CV-0316-A. Therefore, I respectfully dissent in part and concur in part.

As the majority correctly notes, we must determine Arriaga's intent from the language he used, examining the surrounding circumstances, including the state of the pleadings, the allegations made, and the attitude of the parties with respect to the issue. *See In re J.M.*, 352 S.W.3d 824, 826 (Tex. App.—San Antonio 2011, no pet.); *Laredo Med. Grp. v. Jaimes*, 227 S.W.3d 170, 174 (Tex. App.—San Antonio 2007, pet. denied). At the August 24, 2016 hearing, the trial court called cause number cause number 2015-CV-0316-A, and counsel for appellees then expressed his understanding that Arriaga would be "dismissing any claim he has in *that* case" (emphasis added) but did not "know the extent of that dismissal." There was no discussion as to what counsel meant by "that case"; but, given the circumstances, it would be entirely reasonable to interpret that phrase as referring to the *other* case involving the same parties and subject matter (i.e., trial court cause number 2014-CV-0100-A)—even if Arriaga's claims in that other case were technically no longer pending.

Arriaga then explained to the court that "I am no longer interested in pursuing *this* case" (emphasis added). Arriaga was proceeding without representation by counsel, and his statement appears in the record only as translated from Spanish to English by Rosales's counsel. Arriaga did not testify under oath, he provided no further explanation regarding his intentions, and his statement was not clarified through questions posed by the other parties or by the trial court. There was no discussion of the numerous, detailed

2

factual and legal allegations made by Arriaga against appellees in his first amended petition, nor was there a distinction made between the two cause numbers. The trial court explicitly set a future hearing to resolve "both" cases, yet in the interim, issued the order dismissing Arriaga's claims with prejudice.

It is also noteworthy that, immediately after the order of dismissal was entered, Arriaga filed a verified motion to set the dismissal aside. In that motion, he averred that there was a misunderstanding, distinguished his actions regarding the prior lawsuit, and affirmatively stated that he was "still keeping his causes of action viable" regarding trespass to try title and the wrongful taking of "personalty." Arriaga requested that the court grant an evidentiary hearing regarding these allegations. He continued to assert his request for affirmative relief at the subsequent hearing on October 19, 2016.

Reading Arriaga's statement in context with the remainder of the proceedings—in conjunction with the fact that Arriaga was not represented by counsel, put under oath, or provided with a translator for the duration of the hearing—I would conclude that his statement did not constitute an affirmative stipulation to dismiss his claims in cause number 2015-CV-0316-A with prejudice. *See In re C.C.J.*, 244 S.W.3d 911, 921 (Tex. App.—Dallas 2008, no pet.). Although cause number 2015-CV-0316-A was the only case called by the trial court at the August 24, 2016 hearing, Arriaga's translated reference to "this case" may have meant *only* trial court cause number 2014-CV-0100-A, especially given the fact that it was directly preceded by appellees' counsel's reference to "that case."

I would conclude that Arriaga's statement was unclear and ambiguous and, therefore, should have been disregarded by the trial court. *In re C.C.J.*, 244 S.W.3d at

921; *Laredo Med. Grp.*, 227 S.W.3d at 174.  For these reasons, I would sustain appellants' first issue and reverse the trial court's judgment dismissing Arriaga's claims.


DORI CONTRERAS
Justice

Delivered and filed the 30th
day of November, 2018.

4