**AFFIRMED and Opinion Filed December 27, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01133-CV**

**SAMAR AIJAZ, Appellant**
**V.**
**MATTHEW ARELLANO, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-53911-2022**

## MEMORANDUM OPINION ON REHEARING

Before Justices Carlyle, Smith, and Kennedy
Opinion by Justice Smith

On the Court's own motion, we withdraw our November 14, 2023 memorandum opinion and vacate the judgment of that date. This is now the opinion of the Court.

Appellant Samar Aijaz appeals from the trial court's protective order concerning appellee Matthew Arellano. In one issue, appellant argues that the trial court erred in denying her request for attorney's fees because appellee agreed to the request. Because we conclude that the trial court did not abuse its discretion in denying appellant's request for attorney's fees, we affirm.

## Procedural Background

Appellant initially filed a pro se application for a protective order, which requested the trial court to order appellee to pay for fees and costs of court, and reasonable attorney's fee if applicable. Subsequently, appellant hired counsel and filed a supplemental application, again requesting attorney's fees and costs. At the hearing, appellee's attorney represented to the trial court that appellee did not oppose the protective order.[1] The parties presented an order for the trial court to sign, which it did. However, the trial court struck through the proposed award of attorney's fees and wrote, "The issue of attorney's fees is reserved for the length of the Protective Order and the Court may award fees in the future based on the allegations and any violation of this Protective Order."[2]

Appellant filed a motion to modify, correct, or reform the protective order to include an order of attorney's fees. After a hearing, the trial court denied appellant's motion, and this appeal followed. *See* TEX. FAM. CODE ANN. § 81.009(a).

## Attorney's Fees

A trial court may assess reasonable attorney's fees against a party whom an agreed protective order is rendered as compensation for the services of a private attorney. *Id.* § 81.005(a). "In setting the amount of attorney's fees, the court shall

---

[1] The trial court also heard and granted appellee's petition to enjoin harassing behavior by appellant, which appellant has separately appealed in Cause No. 05-23-00628-CV.

[2] The trial court also struck language that ordered appellee to complete a battering intervention and prevention program (BIPP), which appellant does not challenge on appeal.

consider the income and ability to pay of the person against whom the fee is assessed." *Id.* § 81.005(b).

Here, appellant offered no evidence of the amount of reasonable and necessary attorney's fees charged by appellant's counsel, and no evidence was presented regarding appellee's income or ability to pay such fees. Appellant argues that appellee agreed or stipulated to the fees requested; therefore, she was not required to present evidence regarding the amount of reasonable and necessary fees she was requesting, and the trial court was bound by the parties' agreement to award fees. *See Alcedo v. Alcedo*, No. 02-17-00451-CV, 2019 WL 2292979, at *3 (Tex. App.—Fort Worth May 30, 2019, pet. denied) (mem. op.) ("Because stipulations constitute judicial admissions, they are conclusive on the issues addressed, and they estop the parties from claiming to the contrary." (citing *Shepherd v. Ledford*, 962 S.W.2d 28, 33 (Tex. 1998)).

We do not agree that the record establishes appellee stipulated or agreed to the amount of attorney's fees requested when he agreed to the protective order. "A stipulation should not be given greater effect than the parties intended, and should not be construed as an admission of a fact intended to be controverted." *In re C.C.J.*, 244 S.W.3d 911, 921 (Tex. App.—Dallas 2008, no pet.). When construing a stipulation, the court must determine the intent of the parties by the language used in the agreement and by examining the surrounding circumstances of the agreement, including the state of the pleadings. *Id.*

The specific fee amount requested—$4,500—was not included in appellant's application for protective order. At the end of the hearing, when the trial court asked if the parties had an agreed order for the court to sign, appellee's counsel indicated that he had not seen the proposed order. The order is the first and only time the specific amount requested appears in the record. Therefore, at the beginning of the hearing, when appellee's counsel announced, "We don't oppose the protective order at all, so we can just agree to that," appellee could not have been agreeing to pay $4,500 in attorney's fees. And, there is no indication on the record that appellee agreed to the $4,500 amount after having an opportunity to review the proposed order. The trial court instructed the parties to advise the court when the order was ready for signature, and the proceedings concluded. Thus, whatever transpired after appellant's counsel presented appellee's counsel with the proposed order is not in the record before us.

Furthermore, at the hearing on the motion to modify, correct, or reform the protective order, appellant's counsel represented the following to the trial court:

> [A]s the Court probably recalls, a final protective order was entered at the end of July. Most of the protective order was agreed, including the family violence finding. I think the two issues that were in contest were fees and the BIPP course. And the Court had made some notations on the Final Order after denying the fees but saying that it was reserved should there be a violation, and then I think the Court just outright denied the BIPP.

In response to appellant's request to reconsider the denial of attorney's fees, it appears that the trial court thought counsel was referring to court ordered fees, not

attorney's fees because the trial court stated that the issue of fees was between it, the county, and appellee. However, by appellant counsel's own representation, the issue of attorney's fees was contested at the original hearing and, therefore, the trial court did not disregard the parties' stipulation when it denied appellant's request for fees.

Based on the record before us, we cannot conclude that appellee stipulated to attorney's fees or that the trial court erred in striking out the attorney's fee award in the proposed order. We overrule appellant's sole issue on appeal.

### Conclusion

Having overruled appellant's sole issue on appeal, we affirm the trial court's protective order.

/Craig Smith/
CRAIG SMITH
JUSTICE

221133F.P05



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

SAMAR AIJAZ, Appellant

No. 05-22-01133-CV      V.

MATTHEW ARELLANO, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas Trial Court Cause No. 296-53911-2022.

Opinion delivered by Justice Smith. Justices Carlyle and Kennedy participating.

In accordance with this Court's opinion of this date, the protective order of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MATTHEW ARELLANO recover his costs of this appeal from appellant SAMAR AIJAZ.

Judgment entered this 27th day of December 2023.