**AFFIRM; and Opinion Filed May 13, 2024.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-01330-CV

## IN THE INTEREST OF E.C., A CHILD

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-18590**

# MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Kennedy
Opinion by Justice Kennedy

Father appeals the trial court's November 21, 2022 Order in Suit to Modify Parent–Child Relationship contending the trial court erred by failing to dismiss the matter pursuant to rule 8.02 of the Local Rules of the Family District Courts of Dallas County, Texas; failing to issue findings of fact and conclusions of law; and concluding that there had been a material and substantial change in circumstances to justify modification of the previous support order. We affirm the trial court's order. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

BACKGROUND

**I.    Partial History of Cause Number DF-19-18590 as Gleaned from the Docket Sheet and as Set Forth in the Trial Court's Findings of Fact[1]**

- In September 2019,[2] the Office of the Attorney General filed a Petition to Establish the Parent Child Relationship.

- Father was ordered to pay child support and medical support in the amounts of $592 and $92, respectively, on the first day of each month beginning February 1, 2020.

- On May 29, 2020, the trial court signed a final order establishing Father is the father of E.C.

- On July 9, 2020, the Office of Attorney General filed a Motion for Judgment Nunc Pro Tunc.

- On July 29, 2020, the trial court signed an Order on Motion for Judgment Nunc Pro Tunc.

- On March 26, 2021, the Office of the Attorney General filed a Suit for Modification of Support Order and Motion to Confirm Arrearage.

- On June 1, 2021, Father filed his Original Answer on Suit for Modification of Child Support Order in which he raised a plea to the jurisdiction.

- Only July 7, 2021, Mother filed her Response to [Father's] Original Answer on Suit to Modify and Plea to Jurisdiction and Special Exceptions.

- On November 11, 2021, Mother and Father filed a Joint Motion for Continuance.

- On January 31, 2022, the trial court denied Father's plea to the jurisdiction.

- On April 20, 2022, Father filed a Motion for Testing of Parties and Child to Determine Paternity.

---

[1] These filings and orders are not in the record before us.

[2] The Docket sheet shows the petition was filed on September 23, 2019; the trial court's findings of fact identify the filing date as September 9, 2019.

- On April 27, 2022, Mother filed a Motion to Strike.

- On June 29, 2022, the court held Father had already been adjudicated the father of the child subject to this suit and held that attorney's fees regarding Mother's Motion to Strike would be reserved for further hearing or final trial.

- On July 7, 2022, Mother filed a Motion to Compel Discovery.

- On July 21, 2022, the court set Mother's Motion to Compel Discovery for hearing on August 23, 2022.

- On August 23, 2022, the court signed an Order Denying [Father's] Motion for Testing of Parties and Child to Determine Paternity.

- On August 23, 2022, Father filed a Motion for Continuance.

- On September 15, 2022, the court reset Mother's Motion to Compel Discovery for September 30, 2022.

- On September 21, 2022, Mother filed a First Amended Motion to Compel Discovery.

- On September 23, 2022, Mother filed her First and Second Amended Motions to Compel Discovery.

## II. Mother's Petition for Enforcement

On September 23 and September 28, 2022, respectively, Mother filed her original and amended Petitions for Enforcement of Child Support and Medical Support, urging, in part, that Father was in contempt of the final order by failing to pay Mother child and medical support and requesting that Father be held in contempt, and be ordered to pay the arrearages in child and medical support and attorney's fees.

The trial court conducted a bench trial on Mother's petition on October 26, 2022. Father did not attend that hearing but was represented by counsel. While Mother's petition sought to enforce a prior order and recover attorney's fees, at trial, the parties and the court treated the matter before the court as both an enforcement and modification action. During trial, it was established that, because of Father's status as a veteran, Mother, on behalf of E.C., had been receiving payments from the Veterans Administration in the amount of $834 per month, beginning in January 2021. In addition, Mother testified Father receives social security disability payments and income from various business ventures engaged in building homes. Various documents were admitted into evidence including a payment record in the case, documents identified as Mother's exhibits 8, 9, and 10, the contents of which are unidentified, Father's initial disclosures, interrogatory responses and what appears to be Father's pleadings, what appears to be communications regarding an agreed order, a summary of Mother's requested relief, and attorney's fee statements. In addition, the trial court took judicial notice of its file in this case.

In its memorandum ruling of October 26, 2022, the trial court found "there has been a substantial change in circumstances that warrant a modification in PCR." The trial court's memorandum ruling (1) orders Father is obligated to continue paying child support in the amount of $834; (2) confirms child support arrearage of $22,156.88 and medical support arrearage of $3,043.82, as of September 30, 2022, and orders payout of the arrearages at the rate of $200 a month beginning November

–4–

1, 2022; and (3) awards Mother attorney's fees in the amount of $17,921.22. The memorandum ruling concludes: "The Case is set on 8.02 enter order or dismiss on November 18, 2022 @ 8:30 a.m. . . . If an Order is not presented to the Court for signature on or before this date, the case will be dismissed."

On October 27, 2022, Father requested findings of fact and conclusions of law. He sent a reminder request on November 16, 2022. On November 21, 2022, the trial court signed an "Order in Suit to Modify Parent-Child Relationship" that was in accord with the court's October 26 memorandum ruling, and adopted the findings of fact and conclusions of law proposed by Mother, among which were the following:

- [Mother] has changed residences, the child's needs have changed, and [Father] has failed to be actively involved in the child's life;

- Father receives monthly benefits from the Department of Veterans Affairs in excess of $4,223.57 as shown in documents he produced in discovery;

- Father has additional business interests;

- Applying guideline child support would be unjust or inappropriate;

- Current Child Support of $834.00 per month is in the best interest of [.E.C.]; and

- [Father] has not provided actual support or other necessaries to [Mother] on behalf of [E.C.] before the filing of this suit.

Father filed a motion for new trial on November 9, 2022, and an amended motion for new trial on November 18, 2022. The motion appears to have been overruled by operation of law. This appeal followed.

**DISCUSSION**

## I.      Dismissal Under Rule 8.02

The concluding paragraph in the trial court's October 26, 2022 memorandum ruling states, "The Case is set on 8.02 enter order or dismiss November 18, 2022 @ 8:30 a.m. . . . . If an Order is not presented to the Court for signature on or before this date, the case will be dismissed." In his first issue, Father contends that because the trial court did not sign the order on Mother's petition until November 21, 2022, the case should have been dismissed.

Rule 8.02 of the Local Rules of the Family District Courts of Dallas County, Texas, provides:

> Unless ordered otherwise, within thirty days after rendition or an announced settlement by the parties, they shall cause decisions or settlements of any kind to be reduced to writing. Upon failure to furnish the Court Clerk/Administrator with such a judgment or order finally disposing of a case, or to request extension of the filing or to set a motion for entry, the Court shall enter an order of dismissal without prejudice with costs taxed at the Judge's discretion.

> The Court will not sign an order that does not contain either the signature of all attorneys as to form or proof of notice that said order has been presented to all attorneys of record requesting same to file written objections within ten (10) days.

Rule 8.02 is included in Part VIII of the local rules, entitled "Dismissal for Want of Prosecution." Rule 8.01 includes a list of "actions resulting in a case being dismissed for want of prosecution." Rule 8.01(c), "failure to comply with Rule 8.02," is one of the actions listed.

The November 21, 2022 Order recites, "This order judicially PRONOUNCED AND RENDERED in court at Dallas, Dallas County, Texas, on October 26, 2022 and further noted on the court's docket sheet on the same date, but signed on November 21, 2022."

There is no indication in the record when the order was "presented to the Court" pursuant to the memorandum ruling; the only date reflected in the record is the date the court signed the order. Under the trial court's October 26 ruling, an order was due on Friday, November 18. The court signed the order on Monday, November 21. "We presume the regularity of a judgment absent controverting matter in the record." *See In re D.P.B.*, No. 05-17-00185-CV, 2018 WL 3014628, at *5 (Tex. App.—Dallas June 15, 2018, no pet.) (mem. op.) (quoting *Casillas v. State Office of Risk Mgmt.*, 146 S.W.3d 735, 738 (Tex. App.—El Paso 2004, no pet.)). Even assuming rule 8.02 required the trial court to dismiss the case if a proposed order were not presented on November 18, there is nothing in the record to show it was not "presented" in accordance with the rule. *See id.* Accordingly, we conclude Father's contention with respect to the timing of the order is unavailing.

Father further urges that the trial court should not have signed the proposed order because it does not contain the signatures of all counsel. Rule 8.02 provides, in part, that "[t]he Court will not sign an order that does not contain either the signature of all attorneys as to form **or** proof of notice that said order has been presented to all attorneys of record requesting same to file written objections within

–7–

ten (10) days." (emphasis added). While the order in the record does not contain the signatures of all attorneys, the rule provides an avenue for the court's signature without the signature of all attorneys of record, that being by notice. Father does not contend he did not receive proof of notice and in fact the record shows Father filed written objections to the order on November 23, 2022. Thus, we resolve Father's argument concerning compliance with the second portion of rule 8.02 against him. We overrule Father's first issue.

## II. Findings of Fact and Conclusions of Law

In his second issue, Father asserts the trial court failed to make findings of fact and conclusions of law and that such failure constitutes reversible error. Father notes that he filed his request for findings of fact and conclusions of law and his reminder request. The record reflects that he filed his request on October 27, 2022, and his reminder on November 16, 2022. In addition, the record shows the trial court issued findings of fact and conclusions of law on November 21, 2022, adopting the findings and conclusions Mother submitted to the court. Therefore, Father's blanket assertion that the trial court wholly failed to make findings of fact and conclusions of law lacks merit. We overrule Father's second issue.

## III. Substantial and Material Change in Circumstances

In his final issue, Father challenges the sufficiency of the evidence to support the trial court's finding that there has been a material and substantial change in circumstances that warrant a modification in the parent-child relationship.

–8–

Specifically, Father contends that because he could not attend the trial the court could not have made the determination that there had been a material and substantial change in circumstances. Father further asserts the trial court abused its discretion by not referring to the statutory guidelines when determining the amount of child support.

### A. Standard of Review

We review a trial court's order that modifies child support for abuse of discretion. *In re C.C.J.*, 244 S.W.3d 911, 917 (Tex. App.—Dallas 2008, no pet.). An abuse of discretion occurs if (1) the trial court fails to analyze or apply the law correctly, or (2) with regard to factual matters or matters committed to its discretion, the trial court could reasonably reach only one decision and failed to do so. *VSDH Vaquero Venture, Ltd. v. Gross*, No. 05-19-00217-CV, 2020 WL 3248481, at *4 (Tex. App.—Dallas June 16, 2020, no pet.) (mem. op.).

Under the abuse-of-discretion standard of review, legal and factual sufficiency of the evidence are not independent grounds of error, but they are relevant factors in the abuse-of-discretion analysis. *In re C.C.J.*, 244 S.W.3d at 917. We review the evidence in the light most favorable to the trial court's ruling, and we indulge every presumption in its favor. *Id.* If some probative and substantive evidence supports the order, there is no abuse of discretion. *Id.*

**B.    Modification of Child Support**

Family Code § 156.401 is entitled "Grounds for Modification of Child Support."  As relevant to this case, the statute provides that the court may modify a child-support order only if the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the prior order's rendition.  *See* TEX. FAM. CODE § 156.401(a)(1)(A); *id.* § 156.401(a-1).

The changed-circumstances requirement requires a comparison of the circumstances of the relevant people at the time of the initial order with the circumstances at the time the modification is sought.  *In re C.C.J.*, 244 S.W.3d at 917.  "The record must contain both historical and current evidence of the relevant person's financial circumstances."  *Id.*  The proper end date for the inquiry is the time of the trial on the motion to modify.  *In re J.C.P.*, No. 14-21-00415-CV, 2022 WL 10227942, at *2 (Tex. App.—Houston [14th Dist.] Oct. 18, 2022, no pet.) (mem. op.) (child-support modification); *see also In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.) (reaching same conclusion in a conservatorship-modification case).

**C.    Incomplete Record**

An appellant bears the burden to bring forward a record that enables the appellate court to determine whether appellant's complaints constitute reversible error.  *See Palla v. Bio-One, Inc.*, 424 S.W.3d 722, 727 (Tex. App.—Dallas 2014, no pet.) (citing *Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex.

–10–

2004) (per curiam); *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 582 (Tex. App.—Houston [1st Dist.] 2007, no pet.)). Issues depending on the state of the evidence cannot be reviewed without a complete record. *See id.* (citing *Favaloro v. Comm'n for Lawyer Discipline*, 994 S.W.2d 815, 820 (Tex. App.—Dallas 1999, pet. stricken)).

Father's third issue self-evidently depends on the state of the evidentiary record. The record before us indicates documentary exhibits were admitted into evidence during the trial of Mother's petition to modify. Rule 34.6 of the Texas Rules of Appellate Procedure provides that "[a]t or before the time for perfecting the appeal, the appellant must request in writing that the official reporter prepare the reporter's record. The requests must designate the exhibits to be included." TEX. R. APP. P. 34.6(b)(1). Appellant requested that the official reporter prepare the reporter's record relating to proceedings in the case. Appellant did not request the documentary exhibits.

The missing exhibits constitute evidence. Father's failure on appeal to provide the complete record of trial triggers the presumption that the omitted portions of the trial evidence are relevant and support the trial court's order. *Feldman v. Marks*, 960 S.W.2d 613, 614 (Tex. 1996) (per curiam); *see also Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991) (per curiam). Thus, we presume that the missing evidence supports the trial court's finding of a substantial and material change of circumstances. We do not address Father's separate assertion the trial

court erred in deviating from the statutory child support guidelines because without a complete record, we cannot determine, in the first instance, whether the trial court deviated from same. We overrule Father's third issue.

## CONCLUSION

We affirm the trial court's November 21, 2022 Order on Suit to Modify Parent–Child Relationship.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

221330F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF E.C., A CHILD

No. 05-22-01330-CV

On Appeal from the 255th Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-19-18590. Opinion delivered by Justice Kennedy. Justices Molberg and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees recover their costs of this appeal from appellant.

Judgment entered this 13th day of May 2024.